NEWBURGER COTTON CO. v. YORK COTTON MILLS.

(Circuit Court of Appeals, Fifth Circuit. April 2, 1907.)

No. 1,645.

TRIAL—PROVINCE OF JURY—DETERMINING WEIGHT, PREPONDERANCE, AND EFFECT OF EVIDENCE.

In an action at law tried before a jury in a federal court, where an issue of fact is involved the determination of which depends upon the weight, preponderance, and effect of conflicting evidence, such issue must be determined by the jury, and it is error for the court to direct a verdict.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, §§ 332, 342.]

In Error to the Circuit Court of the United States for the Southern District of Mississippi.

Murray F. Smith, for plaintiff in error.

S. S. Hudson and W. W. Lewis, for defendant in error.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PARDEE, Circuit Judge. On the 18th of November, 1904, one R. B. Jennings, representing plaintiff, Newburger Cotton Company, of Greenwood, Miss., contracted at Yorkville, S. C., with the defendant, the York Cotton Mills, to sell and deliver to the said defendant 800 bales of cotton, even running strict middling in grade, and to be in staple as follows: 600 bales to be full 1¼-inch staple, type H E V N; 200 bales to be full 1³/₁₆-inch staple. Shipments to be as follows: 75 bales 1¼, type H E V N, and 25 bales 1³/₁₆ each month, commencing on the 15th day of January, 1905, and continuing on 15th of each following month until completion of contract. On or about the 31st of January, 1905, the first shipment, or a part thereof, under the contract in issue, arrived at Yorkville, and upon examination of the same by the president of the defendant company it was rejected on the ground that it was not in accordance with the contract. The plaintiff was so advised at once by wire, and the defendant refused to accept further shipments on account of the alleged breach by plaintiff. Thereafter, on the 4th day of April, 1905, plaintiff commenced this action by attachment in the circuit court of Warren county, in the state of Mississippi, against the defendant for breach of contract and damages in the sum of $12,189.12. The defendant filed its petition and bond, and secured the removal of the cause to the Circuit Court of the United States for the Western Division of the Southern District of Mississippi. In the Circuit Court the defendant pleaded the general issue that it did not undertake and promise in manner and form as alleged in the declaration, and gave notice as provided by the statutes of Mississippi that under this plea it would introduce evidence to show that plaintiff could not recover, because it had deliberately and voluntarily disabled itself from performing the contract had with the defendant by intentionally shipping cotton which they knew at the time was not according to the contract, and, further, that it could not recover because it had, either through ignorance, incapacity, or lack of business caution or disregard of its business obligations and written contract, failed, refused, and neglected to deliver the quality, grade, and staple of cotton to defendant as it contracted to do. On the issues thus joined the parties went to trial.

The plaintiff introduced the evidence of seven witnesses with considerable documentary evidence. The defendant introduced the evidence of five witnesses and more documentary evidence. The evidence on the part of the plaintiff proved the contract, the shipment of the first 100 bales thereunder, and the rejection of the same by the defendant, and tended to prove that the said 100 bales complied with contract and was a good delivery, and that after the contract was made up to the time of delivery there was a fall in the cotton market of the kind of cotton covered by the contract of $13.75 per bale. The

evidence offered by the defendant was to the effect that the 100 bales of cotton shipped in January and rejected by the defendant was not according to the contract, nor a good delivery thereunder. The transcript shows that after the evidence was closed the judge charged the jury, and thereupon—

"The jury retired to consider of their verdict, and, after deliberating for some time, conveyed to the court their desire to receive further instructions, and they were thereupon recalled to the courtroom and one of the jurors, speaking for the whole jury, said that the jury required further instructions, and, upon being interrogated by the court as to what point, said, 'as to the last remark you made to Mr. Smith, just before the jury retired,' and asked the court if he should repeat that word, and the court said 'Yes,' and the jury said with reference to the word 'full,' and the court thereupon in substance repeated its first charge, and the jury again retired to deliberate upon their verdict. After further deliberation for quite a while they were again brought back to the courtroom and announced their inability to agree upon a verdict, and the court then asked them if they had discussed the case among themselves, to which the jury answered in the affirmative. Then the court then asked them if they had been able to agree, to which the jury answered in the negative, and the court then asked them if they thought there was any possibility of their agreeing upon a verdict, and the jury answered in the negative, thereupon the court said: 'I do not see why you cannot agree upon a verdict. The burden of proof is upon the plaintiff to show by a preponderance of the testimony that it had complied with its contract to ship 75 per cent. inch and a quarter equal type H E V N and 25 per cent. inch and three-sixteenths. I do not believe that a preponderance of the testimony shows that the plaintiff has complied with its contract, and I now charge you to find a verdict for defendant.' After which charge of the court the plaintiffs, through its attorneys, in the presence of the jury, before they had retired or were discharged, and in the presence of the court, then and there instantly excepted."

The jury found a verdict for the defendant, the court rendered judgment thereon, and the plaintiff below sued out this writ of error, assigning as the first error that "the court erred in instructing the jury to find for the defendant." If there is anything well settled in our jurisprudence it is the proposition that in the courts of the United States in trials at law before a jury the weight, preponderance, and effect of evidence shall be determined by the jury. In Greenleaf v. Birth, 9 Pet. 292, 299, 9 L. Ed. 132, Mr. Justice McLean, speaking for the court, said:

"Where there is no evidence tending to prove a particular fact, the court are bound so to instruct the jury, when requested; but they cannot legally give any instruction which shall take from the jury the right of weighing the evidence and determining what effect it shall have."

In Phœnix Ins. Co. v. Doster, 106 U. S. 32, 1 Sup. Ct. 18, 27 L. Ed. 65, and again in Connecticut Mutual Life Ins. Co. v. Lathrop, 111 U. S. 615, 4 Sup. Ct. 534, 28 L. Ed. 536, Mr. Justice Harlan, speaking for the Supreme Court, said:

"Where a cause fairly depends upon the effect or weight of testimony, it is one for the consideration and determination of the jury, under proper directions as to the principles of law involved. It should never be withdrawn from them, unless the testimony be of such a conclusive character, as to compel the court, in the exercise of a sound judicial discretion, to set aside a verdict returned in opposition to it."

Authorities to the same purport can be multiplied.

This case shows that the right of deciding as to the weight, preponderance, and effect of conflicting evidence was taken away from the jury.

Therefore it must be reversed and remanded; and it is so ordered.